UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANNI GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01702-SEB-DLP |
| | ) |
| REPUBLIC AIRWAYS INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Brittanni George *pro se* initiated this lawsuit on June 1, 2020, charging her former employer with unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C § 2000e, *et seq.*, as well as intentional infliction of emotional distress under Indiana law. Now before the Court is Defendant Republic Airways Inc.'s ("Republic Airways") Motion to Dismiss [Dkt. 9], filed on July 28, 2020, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, this motion is **granted in part and denied in part.**

## **Facts**

Ms. George's complaint alleges the following facts, which we accept as true for purposes of ruling on the Motion to Dismiss.[1]

---

[1] We do not accept as true Ms. George's legal conclusions and arguments included throughout her factual statement. We also note that Ms. George's complaint is difficult to decipher at times in that is includes rambling, disorganized passages. Accordingly, the following recitation of facts reflects what we have distilled as Ms. George's grievances. In addition, though documents attached to the pleadings are considered to be a part of the pleadings, we have refrained from weeding through the voluminous exhibits attached to Ms. George's complaint in search of additional facts. *Burke v. 401 N. Wabash Venture*, LLC, 714 F.3d 501, 506 (7th Cir. 2013). If

Ms. George was employed by Republic Airways for "approximately ten years" until she was discharged in October 2018. While employed, she never received any "disciplinary or attendance infractions"; in fact, she represents that she was "being groomed for a management career." [Compl., p. 1-2]. However, she alleges that she was abruptly terminated without explanation after she was included "as a witness in a harassment complaint." [*Id*., p. 2]. She also believes her termination came as the result of the filing of an EEOC charge by John Coomes, her former coworker and her long-term "romantic" and "domestic partner." [*Id.*]

More specifically, in October 2017, Republic Airways began internally investigating two of its employees, Pat Gannon and Michael Dee, in conjunction with allegations that they had discriminated against other employees belonging to "protected classes." Ms. George was identified by Mr. Coomes as a potential witness in this investigation. [*Id*., p. 1].

In November 2017, Mr. Coomes reported to Republic Airways that Mr. Gannon had retaliated against him because of his participation in the internal investigation. Mr. Coomes's employment with Republic Airways was allegedly threatened on multiple occasions. Around this same time, Mr. Coomes notified Republic Airways of a potential EEOC charge and a Notice to Preserve. He waited to initiate an EEOC "Inquiry" until the following year, on June 19, 2018, but promptly notified personnel at Republic Airways of the Inquiry. Upon learning of this information, Republic Airways "immediately began to

---

these exhibits contain relevant facts or details, they must be included or specifically referenced in the complaint.

search for incriminating information related to [Mr.] Coomes' [*sic*] email address[,]"in the course of which Republic Airways email from Ms. George to Mr. Coomes's email address that was "associated with his Union work," (the "George Email"). Republic Airways regarded the George Email as an "outrageous breach of company policy and security";[2] however, it did not conduct any investigation into the email at that time. [*Id.*, p. 2-3].

Mr. Coomes filed his Charge of Discrimination with the EEOC on August 28, 2018, listing Ms. George as a potential witness. Three days later, Republic Airways "threaten[e]d to fire" Mr. Coomes and "demand[ed] that he stop using his Union email." Republic Airways also directed its human resources department to investigate the George Email; this investigation did not commence until October 2018, however. [*Id.*, p. 4-5].

Three days after Mr. Coomes filed his EEOC charge, on August 31, 2018, Ms. George was suspended with pay and was thereafter terminated on October 11, 2018. Based on Republic Airways's internal policies, it should have engaged in "progressive discipline" of Ms. George relating to its security concerns arising from the "George Email," but it did not do so. As of the time of her termination, her romantic relationship with Mr. Coomes had lasted for three years, and Republic Airways had been aware of it since December 2015. [*Id.*, p. 2-3, 6].

Ms. George ties Mr. Coomes's notification to Republic Airways of his potential claim to the "initiation of retaliatory acts" against her. Ms. George served her own Notice

---

[2] What information was contained within this email we are not informed.

to Preserve on Republic Airways on October 11, 2018, and filed her EEOC Charge of Discrimination on August 2, 2019. [*Id*., p. 3-4].

In responding to her EEOC Charge, Republic Airways explained that its decision to termination Ms. George was "because of her unauthorized communications of Republic's non-public/confidential information to a co-worker (Coomes) for what the company honestly believed to be an improper purpose[.]" [Comp. Exh. 16, at p. 12]. Ms. George insists that this reason is "baseless" and a "construct made after the fact to justify [Republic Airways's] retaliatory behavior." She fully maintains that it was "entirely appropriate" for her to share the information contained in the email. [Compl, p. 4, 5].

On February 20, 2020, the EEOC issued its Dismissal and Notice of Rights on Ms. George's Charge of Discrimination.

Ms. George initiated this lawsuit on June 23, 2020, contending that Republic Airways, under the pretense of investigating the George Email, terminated her employment because of her "involvement in the Pat Gannon/Michael Dee investigation" as well as her long-term "relationship to John Coomes and his EEOC filing." [*Id*., p. 6].

## Analysis

### I.     Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At minimum, a plaintiff is required to support its complaint with "some specific facts." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks*

4

*v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 556 U.S. at 678. How much specificity is required may vary from case to case, but "'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). *Pro se* complaints such as that filed by Ms. George are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

In addressing a Rule 12(b)(6) motion to dismiss, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

## II.  Discussion

Ms. George alleges two causes of action: first, unlawful retaliation in violation of Title VII of the Civil Rights Act ("First Claim for Relief"), and second, intentional infliction of emotional distress ("Third Claim for Relief").[3] Republic Airways seeks dismissal of both of these claims.

---

[3] Ms. George also alleges a "Second Claim for Relief" for "State Law Retaliation – Title VII," which merely restates her Title VII allegations, as set out in her first cause of action. Republic Airways presumes Plaintiff's claim for "State Law Retaliation" to be a duplicate of her claim for "Title VII Retaliation," noting that Ms. George has not identified any cognizable legal theory that would allow her to pursue her Title VII claim (that is, a claim brought pursuant to a federal

A. **Republic Airways's Motion to Dismiss Ms. George's Title VII Claims is Granted, In Parted**

Ms. George claims that Republic Airways unlawfully retaliated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C § 2000e.

Title VII makes it unlawful for an employer to discriminate against its employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(2). Title VII further prohibits any employer from "discriminat[ing] against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII].'" *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662 (7th Cir. 2006) (quoting 42 U.S.C. § 2000e–3(a)). Discrimination of this nature is referred to as "retaliation." *Id.*

Ms. George alleges in her complaint: that "[she] engaged in a statutorily protected activity by assisting a coworker regarding a complaint that falls under the jurisdiction of the EEOC and Title VII"; that "[she] is a Close Family member of a person who filed an EEOC Complaint"; and that "there is a causal connection between the protected activity/status and the adverse action." We distill two theories of retaliation advanced here by Ms. George: that she was retaliated against because of (1) her identification as a witness in Republic's 2017 internal investigation and (2) her relationship to an individual, Mr. Coomes, who was engaging in a Title VII protected activity.

---

statute) under state law. Mr. George does not object to this assertion from Republic Airways. We follow the parties' lead and will collapse Ms. George's second claim for relief into her first.

6

*1. Ms. George Has Not Sufficiently Alleged That She Engaged in a Statutorily-Protected Activity*

A plaintiff seeking to prove a *prima facie* case of retaliation under Title VII "must establish that: 1) she engaged in statutorily-protected expression; 2) she suffered an adverse action by her employer; and, 3) there is a causal link between the protected expression and the adverse action." *O'Donnell v. Caine Weiner Co., LLC*, 935 F.3d 549, 553 (7th Cir. 2019) (internal quotations omitted). Republic Airways contends that Ms. George's complaint fails to set forth facts that, even if taken as true, satisfy the first element.[4]

An employee engages in a Title VII protected activity when, for example, she files a claim with the EEOC or when she submits a complaint to her employer, so long as the complaint is tailored to discrimination based on one (or more) of Title VII's protected classes. *Tomanovich*, 457 F.3d at 663. Engagement in a protected activity may also include "participat[ing] as a witness for a co-worker's claim of discrimination under Title VII." *Kruger v. Principi*, 420 F. Supp. 2d 896, 910 (N.D. Ill. 2006).

Republic Airways argues that Ms. George's complaint fails to allege that she engaged in a statutorily protected activity, given that her complaint asserts only that she was identified as a potential witness by Mr. Coomes in Republic Airway's internal investigation of other employees. It does not allege that she was ever actually

---

[4] Republic Airways also challenges whether she has pled facts sufficient to satisfy the causal element, but we need not address this issue, given our agreement that Ms. George has not plausibly alleged that she herself had engaged in a protected activity.

7

interviewed as a witness, that she otherwise participated in this internal investigation, or that she ever lodged any complaints regarding discrimination.

We agree with Republic Airways that Ms. George has not alleged that she ever participated as a witness in the internal investigation, nor that she ever "testified, assisted, or participated in any manner" in any other Title VII investigation or proceeding. *See* 42 U.S.C. § 2000e–3(a). As Republic Airways has accurately noted, the Complaint is devoid of any allegations that she ever complained of discrimination related to the internal investigation or any other matter. For these reasons, we hold that Ms. George's identification as a potential witness in the internal investigation does not suffice to plausibly allege that she engaged in a protected activity for which she was retaliated against.[5] This claim must be dismissed.

2. *Ms. George's Third-Party Retaliation Claim May Proceed*

Ms. George has alleged that she was terminated in retaliation for her relationship with Mr. Coomes, her romantic and domestic partner, and his filing of an EEOC Charge of Discrimination against Republic Airways.

The Supreme Court has ruled that an employer violates Title VII's anti-retaliation provision when it takes an adverse employment action against an employee because of her close relationship with someone engaged in a protected activity. *Thompson v. N. Am.*

---

[5] Ms. George argues in her briefing that she engaged in a protected activity through her identification as a witness in Mr. Coomes's EEOC charge. However, her complaint in limited to her involvement in a protected activity being identified as a witness in the internal investigation. To the extent she believes she also was engaged in a protected activity by being listed as a witness on Mr. Coomes's EEOC charge, this theory suffers from similar deficiencies.

*Stainless, LP*, 562 U.S. 170, 177 (2011). In *Thompson*, the petitioner's fiancé and coworker had filed a sex discrimination charge with the EEOC. The petitioner filed his own charge and a subsequent Title VII suit, alleging that his employer fired him to retaliate against his fiancé's filing of her EEOC charge. The Supreme Court held that if the petitioner's purported basis for his firing proved true, then the employer's actions constituted unlawful retaliation. The Court explained that Title VII's anti-retaliation provision "prohibits any employer action that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination[.]" "We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired," the Court ruled. *Id.* at 173-75 (internal quotations omitted).

The Supreme Court declined, however, "to identify a fixed class of relationships for which third-party reprisals are unlawful." *Id.* at 175. Nonetheless, it asserted that the "firing a close family member will almost always" constitute an unlawful action, though "inflicting a milder appraisal on a mere acquaintance will almost never do so[.]" "Beyond that," however, the Court was "reluctant to generalize," stating that "the significance of any given act of retaliation will often depend on the particular circumstances." *Id.*

The Court upheld the petitioner's right to sue his employer for this alleged retaliation. *Id.* at 177. In interpretating Title VII's provision that a "civil action may be brought . . . by the person claiming to be aggrieved," the Court rejected the employer's contention that "person aggrieved" "refers only to the person engaged in the protected activity." *Id.* at 177-78. The Court explained that the term "aggrieved" "enabl[es] suit by

9

any plaintiff" in the "zone of interests" sought to be protected by Title VII's provisions. *Id.* Applying this standard to the case before it, the Court held that petitioner fell within the zone of interests protected by Title VII, given that he "was an employee of [respondent's], and the purpose of Title VII is to protect employees from their employers' unlawful actions." *Id.* at 178.

Republic Airways argues that Ms. George's third-party retaliation claim must be dismissed on the grounds that her relationship with Mr. Coomes falls outside the "zone of interests" sought to be protected by Title VII.  We understand Republic Airways's contention to be that, even if it had retaliated against Ms. George in order to punish Mr. Coomes for filing his EEOC charge, such action would not violate Title VII because she, unlike the petitioner in *Thompson*, was not engaged to the person participating in the protected activity, nor was she married or related to him.[6]

Though the Seventh Circuit has not defined the contours of *Thompson*, district courts across jurisdictions have categorically rejected such a narrow interpretation of the Supreme Court's holding in this case. *See, e.g., Cobb v. Atria Senior Living, Inc.*, 2018

---

[6] We note that Republic Airways's argument on this issue is not entirely clear, primarily because it has conflated the Supreme Court's "zone of interests" analysis—which looks to whether an individual who suffered from discrimination because of his or her relationship to another employee engaging in a statutorily protected activity has statutory standing to sue under Title VII—with the Court's discussion as to whether an employer violates Title VII when it commits such an  act of discrimination. It was in the context of the latter issue that the Court stated that there was no "fixed class of relationships for which third-party reprisals are unlawful." The Court did not, as Republic Airways argues, state that "not all relationships qualify for the zone of interest"; the zone of interests issue is independent from the issue of identifying the third-party reprisals that potentially violate Title VII. Put another way, the third-party harm issue focuses on whether the employer's actions were unlawful in that they were committed to dissuade an employee from reporting discrimination; the zone of interests issue asks whether the injured third party possesses a right of action against the employer.

10

WL 587315, at *6 (D. Conn. Jan 29, 2018) ("At this early stage of litigation, Cobb's allegations that he and Rutherford shared a relationship of friendship and confidence . . . is sufficient to plead a third-party retaliation claim."); *Antonelli v. Sapa Extrusions Inc.*, 2015 WL 365683, at *3 (M.D. Penn. Jan. 27, 2015) ("Neither the length of their relationship nor the absence of an engagement ring are material."); *Lard v. Alabama Alcoholic Beverage Control Bd.*, 2012 WL 5966617 (M.D. Ala. Nov. 28, 2012) (allowing third-party retaliation claim to survive motion to dismiss where plaintiff was dating the individual engaged in a protected activity); *Ali v. D.C. Gov't*, 810 F. Supp. 2d 78, 89 (D.D.C. 2011) (denying employer's request for summary judgment because a reasonable juror could believe that threatening claimant's best friend with termination would deter claimant from pursuing a discrimination complaint).

We join these courts in rejecting Republic Airways's contention that an employer violates Title VII only if its actions impact the spouse, fiancé, or family member of the individual engaging in the protected activity. Had the Supreme Court sought to limit its holding to only these enumerated categories, it could have done so; however, it expressly declined to impose such specific parameters, noting instead that " the significance of any given act of retaliation will often depend upon the particular circumstances" *Thompson*, 562 U.S. at 175 Accordingly, the salient question is whether a reasonable worker in similar circumstances would be dissuaded from engaging in the protected activity if he knew of the consequences that would be flow to someone whom he held in close regard. *See id.* at 174. That Ms. George's complaint adequately alleges as much has not been challenged.  Accordingly, we allow Ms. George's third-party retaliation claim to proceed.

11

### B. Republic Airways's Motion to Dismiss Ms. George's Intentional Infliction of Emotional Distress Claim is Granted

Ms. George's next claim is for Republic Airways's intentional infliction of emotional distress ("IIED"). She asserts that because of Republic Airways's "intentional illegal conduct," she has "suffered emotional distress and has incurred substantial monetary damages, including, but not limited to lost wages and the value of job-related benefits[.]" [Compl., at p. 8].

To prevail on her claim for IIED under Indiana law,[7] Ms. George must allege facts that, when taken as true, show that Republic Airways: "(1) engage[d] in extreme and outrageous conduct that (2) intentionally or recklessly (3) cause[d] (4) severe emotional distress to [her]." *Creel v. I.C.E. & Associates, Inc*., 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002) (internal quotations omitted). These requirements are "rigorous," and "the conduct at issue must exceed all bounds usually tolerated by a decent society." *Id. See also Lachenman v. Stice,* 838 N.E.2d 451, 457 (Ind. Ct. App. 2005) ("Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'").

Here, Ms. George's complaint falls well short of stating a plausible claim for IIED, having merely recited the essential elements of an IIED claim without alleging any supporting facts.

For example, Ms. George has pled no facts supporting an inference that Republic Airways acted *intentionally* in causing her any emotional harms. *Bradley v. Hall*, 720

---

[7] The parties agree that Indiana law applies.

N.E.2d 747, 752 (Ind. Ct. App. 1999) ("It is the intent to harm one emotionally that forms the basis for the tort."); *id.* (offering evidence that defendant enjoyed upsetting plaintiff coupled with allegations of defendant's conduct permitted an inference that defendant acted with intent to harm plaintiff emotionally); *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) ("[E]ven extreme and outrageous conduct that is not intentional cannot support an IIED claim."). Ms. George's conclusory allegations laid out in her response brief claiming that Republic Airways engaged in a "sinister targeting of her" by "singling her out and firing her" do not suffice to save her claim, given that the complaint is devoid of details supporting an inference that it was the intention of Republic Airways to harm her emotionally. *See Stender*, 2013 WL 832416, at *5; *Tucker v. Roman Catholic Dioceses of Lafayette-in-Indiana*, 837 N.E.2d 596, 603 (Ind. Ct. App. 2005).

      Ms. George also has failed to identify any conduct of Republic Airways that qualifies as "extreme and outrageous," "exceed[ing] all bounds" tolerated by civilized society. Put simply, no ordinary member of the community would become "aroused with resentment" for Republic Airways based on the allegations in the complaint. *Lachenman,* 838 N.E.2d at 457; *compare Pickens v. New York Life Ins. Co.,* 2019 WL 4740829, at *4 (N.D. Ind. Sept. 27, 2019) (rejecting plaintiff's IIED claim on grounds that insurance company's unilateral cancellation of policy was not extreme and outrageous) *and Lemaster v. Spartan Tool, LLC,* 2009 WL 700240, at *5 (S.D. Ind. Mar. 16, 2009) ("[C]laims for intentional infliction of emotional distress in the employment context are far less likely to constitute extreme and outrageous conduct under this tort.") *with Tucker*, 837 N.E.2d at 603 (holding that claims of sexual abuse of a child by a layperson teaching

13

Catholic CCD classes sufficiently alleged extreme and outrageous conduct, though complaint failed to plead intent element).

Additionally, Ms. George fails to identify any specific emotional distress she has suffered, alleging only that she has "lost wages and the value of job-related benefits." Indiana courts do not recognize IIED claims based on mere economic harms. *Stender v. BAC Home Loans Servicing LP*, 2013 WL 832416, at *5 (N.D. Ind. Mar. 6, 2013) (collecting cases); *Robinson v. Lake Minnehaha Owner's Ass'n*, 2012 WL 6197150, at *6 (N.D. Ind. Dec. 12, 2012) ("Although loss of employment causes hardship, often severe, it is not an uncommon event, even when based on unlawful and improper motives."); *Pain Ctr.*, 2014 WL 6750042, at *8 (finding that emotional distress had been plausibly alleged where plaintiff "had incurred severe and grievous mental and emotional suffering and continues to suffer from such, including severe depression.").

For these reasons, we dismiss Ms. George's IIED claim.

### C. Ms. George May File An Amended Complaint

Republic Airways requests that we deny Ms. George the opportunity to file an amended complaint, noting that her automatic right to amend the complaint has already expired. FED. R. CIV. P. 15(a)(1). Accordingly, the court's leave (i.e., approval) is necessary before Ms. George may amend her pleading. FED. R. CIV. P. 15(a)(2).

Unless the Court's deadline to amend pleadings has expired (which it has not here), we are required to "freely grant" such leave "when justice so requires." *Id.* This liberal amendment policy directs us to grant leave to amend, absent circumstances such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

14

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Myers v. Equifax Info. Servs., LLC*, 2020 WL 4351779, at *1 (S.D. Ind. July 28, 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Republic Airways contends that any amended complaint from Ms. George would be futile, meaning that it would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). However, Ms. George has not submitted a proposed amended pleading, and thus Republic Airways's assertion of futility is merely speculative.

Moreover, because Ms. George is proceeding *pro se*, she should be afforded an opportunity to review this Order and submit an amended complaint that explains her claims more clearly and in greater detail if she is able. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint[.]"). She must, however, abide by the rulings made herein in crafting any amended pleading Accordingly, Ms. George is granted leave to file an amended complaint no later than **thirty days** from the date of this Order. If a new complaint is not filed within this time, Ms. George's third-party retaliation claim will be the only cause of action on which she may proceed.

## Conclusion

Defendant's Motion to Dismiss [Dkt.9] is **granted in part and denied in part**. It is **denied** to the extent it seeks dismissal of Plaintiff's third-party retaliation claim. It is

**granted** to the extent it seeks dismissal of Plaintiff's Title VII retaliation claim based on her engagement in a protected activity as well as her IIED claim. These claims are dismissed without prejudice with leave to replead if and as appropriate within **thirty days.**

IT IS SO ORDERED.

Date: 3/17/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF